## WHITE V. HAMPTON *et al.*

1. JURISDICTION AFTER DECREE. An order of the District Court, after decree in a cause, directing that it be made of record in the District Court of another county, and that the original papers shall be filed in such court, does not transfer the jurisdiction.

2. SAME: APPEARANCE. A party cannot, by appearing and moving to strike a motion from the files, confer jurisdiction of a cause, the venue of which is in another county.

*Appeal from Johnson District Court.*

THURSDAY, OCTOBER 16.

A DECREE was entered in this cause, in the Johnson County District Court, finding a certain sum due to the plaintiff, and directing the sale of certain property therein named, to pay said sum, and for the purpose of carrying out the said decree of the court, the sheriff of said county was appointed a commissioner to sell said land, and to report his action to court. The special commissioner, who had before reported to the court in this cause, was further instructed to ascertain and report the amount of liens on the real estate of defendants, paramount to that of the plaintiff.

After the decree, and these orders made, the venue of the cause was changed to the county of Washington. At a regular term of the District Court of Washington County, the said sheriff filed his report, showing a sale of the property mentioned in the decree of the District Court of Johnson County, to complainant. This sale was confirmed and an order made canceling a lien of the school fund commissioner of Johnson county, prior in date to that of complainant. The court, by the consent of the parties, ordered that its final decree be spread upon the records of Johnson County District Court, and that the original papers be returned to said court.

At a subsequent term of the Johnson District Court, the District Attorney and other attorneys representing the in-

terest of the school fund of said county, filed their motion to set aside the sale made by the sheriff, for reasons stated in the motion. The attorney for the complainant first filed a motion to strike the motion to set aside the sale from the files, for the reason that it was made too late, the sale having been confirmed. This being overruled, the complainants next moved to strike the defendants' motion from the files, for the reason that the court had no jurisdiction to try said cause, as the cause was still pending in Washington county. This motion was sustained, and defendants appealed.

*Allen, District Attorney, J. C. Henley* and *Edmonds & Ransom* for appellant.

*Grant & Smith* for appellee.

BALDWIN, C. J. — The venue of the cause was in Washington county, when the defendant's motion was made, and the District Court of Johnson County could take no jurisdiction thereof. The mere fact that the District Court of Washington County ordered a copy of the final decree to be made a matter of record in the Johnson District Court, and ordered a return of the original papers to that court, does not change the venue of the cause. The act of the complainant, in appearing and moving to strike defendant's motion from the files, could not operate to confer jurisdiction upon the District Court of Johnson County, to determine a cause that properly was pending in another county.

Affirmed.